Matter of Gerson Lehrman Group, Inc. v New York City Tax Appeals Trib. (2021 NY Slip Op 02102)





Matter of Gerson Lehrman Group, Inc. v New York City Tax Appeals Trib.


2021 NY Slip Op 02102


Decided on April 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 06, 2021

Before: Gische, J.P., Kapnick, Oing, Moulton, JJ. 


Tax Trib No. 149/18 Appeal No. 13511 Case No. 2019-4129 

[*1]In the Matter of Gerson Lehrman Group, Inc., Petitioner,
v
New York City Tax Appeals Tribunal, Respondent.


Sidley Austin LLP, New York (Richard A. Leavy of counsel), for petitioner.
James E. Johnson, Corporation Counsel, New York (Martin I. Nussbaum of counsel), for respondent.



Decision of respondent New York City Tax Appeals Tribunal, dated December 28, 2017, which modified a determination of an Administrative Law Judge, dated October 4, 2016, and remanded the matter for further proceedings for the purpose of recalculating petitioner's General Corporation Tax based on recalculated receipts factors set forth by the Tribunal to determine any deficiencies or overpayments and resulting interest, unanimously confirmed, the petition denied, and the proceeding pursuant to CPLR article 78, commenced in this Court pursuant to CPLR 506(b)(4), dismissed, without costs.
This article 78 petition concerns the proper method for calculating petitioner's receipts for purposes of determining its general corporation tax and tax obligation to the City. During the tax years at issue [FN1], New York City Administrative Code § 11-604 allocated a taxpayer's business income to the City based on the average of the percentages within the City that a taxpayer's property, receipts and payroll bear to the total of the taxpayer's property, receipts and payroll everywhere. These percentages are known as allocation factors. Administrative Code § 11-604(3)(a)(2)(B) provided that receipts from "services performed within the city" were to be allocated to the City for tax purposes. In addition, 19 RCNY 11-65(b)(1) (compensation for services) stated that receipts from services performed in the City were allocable to the City, "irrespective of whether such services were performed by employees or agents of the taxpayer, by subcontractors, or by any other persons. It is immaterial where such amounts were payable or where they actually were received." Furthermore, where a taxpayer received payment for services, part of which were performed in the City and part outside, the amount attributable to the City was determined based on the "relative values of, or the amounts of time spent in performance of, such services within and without" the City (19 RCNY 11-65[b][3][i]).
Petitioner contends that respondent's determination, that the compensation paid to certain employees, including salespeople, consultant managers, and IT personnel, who did not "perform" petitioner's core consulting services, should be included in receipts is without a rational basis and reversible error. Petitioner argues that these employees did not generate receipts for tax purposes, but rather contributed to the operation of its business. Petitioner maintains that its tax liability should be based solely upon the location of and amounts paid to its consultants and research managers, who together performed the consulting services it provided to its clients.
Having reviewed the record, we conclude that respondent correctly
focused its inquiry upon the nature of petitioner's business and the personnel who
contributed to the performance of the service petitioner provided, which included petitioner's salespeople, IT staff, and consulting managers. The record supports a conclusion that petitioner [*2]offers a subscription based service that allows its clients access to experts and consultants in a broad variety of disciplines. These experts, known as council members, are nonagent independent contractors who interact with petitioner's clients orally or through consultations, written surveys and seminars. The surveys, which consist of targeted questions, are prepared by research managers who are petitioner's employees. Petitioner's consulting managers help locate and recruit industry experts who are interested in becoming council members. Petitioner also maintains a database administered by its IT staff. The database is not only used by the research managers to develop surveys etc., it is also available to certain clients so they can do their own research. The salespeople who petitioner employs not only solicit new subscribers, they also manage client accounts, interact with the research managers and are sometimes a client's primary contact within the petitioner's business.
Respondent's determination that petitioner's business provides a "package" of services, and not just consultation services by council members, is supported by substantial evidence, and has a rational basis (see Matter of Aetna, Inc. v New York City Tax Appeals Trib., 154 AD3d 542, 542 [1st Dept 2017], lv denied 30 NY3d 912 [2018]; Matter of Tocqueville Asset Mgt L.P. v New York City Tax Appeal Trib., 141 AD3d 420, 420 [1st Dept 2016]). The efforts of other individuals are all part of the delivery of
services for which clients pay an upfront flat subscription fee and the fee is customized depending on the services purchased under the subscription agreement.
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 6, 2021



Footnotes

Footnote 1: The calendar years ended December 31, 2003 through 2010 are collectively the "tax years."